**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| *IN RE* MIKE HOOKS, LLC | : | ADMIRALTY RULE 9 (H) |
| AS OWNER AND/OR | : | NO. 2:20-cv-00959-JDC-KK |
| OWNER PRO HAC VICE OF | : | |
| THE DREDGE "E. STROUD" | : | JUDGE JAMES D. CAIN, JR. |
| PRAYING FOR EXONERATION FROM | : | |
| OR LIMITATION OF LIABILITY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM OPINION AND ORDER

Petitioner in Limitation, Mike Hooks, LLC has filed a Motion to Compel Independent Medical Examinations ("IMEs") of personal injury claimant and defendant herein, Charles McCoy ("McCoy" or "claimant"), seeking examinations focusing on McCoy's alleged back and neck injuries and cellulitis/foot condition. Doc. 16. Mike Hooks contends that McCoy has placed these health conditions in controversy by claiming that his injuries were sustained in connection with his work aboard the Dredge "E. Stroud." Mike Hooks disputes the causation of these conditions, the extent and duration of McCoy's inability to work, and the extent of future medical treatment. Doc. 16, att. 7, pp. 5-6. Mike Hooks further contends that there is good cause for the IMEs because Mike Hooks can only adequately evaluate McCoy's medical conditions via the IMEs, and that fairness requires Mike Hooks to be able to have an expert of its choice examine McCoy and McCoy's physicians' conclusions. Doc. 16, att. 7, pp. 6-8. McCoy opposes on two grounds: that his pending motion to bifurcate (Doc. 20), if granted, will make the IMEs irrelevant to the limitation case and that Mike Hooks has failed to show good cause for the IME, which McCoy argues is unduly intrusive and unnecessary.

For the following reasons, the Motion to Compel Independent Medical Examination is **GRANTED**.

**I.**
**BACKGROUND**

A brief description of the procedural background of this matter is necessary to place the motion and opposition in context.

McCoy alleges that he injured himself in two separate accidents while performing duties as chief cook on the vessel "E. Stroud." (Doc. 16-1, p. 2; Doc. 1, p. 2). The first accident occurred on or about December 28, 2018, when he alleges that he injured his back while catching a thrown box. *Id.* The second accident occurred on or about January 10, 2019, when the he alleges that he stepped through rusty grating while attempting to board the "E. Stroud." *Id.*

McCoy filed a Petition for Damages against Mike Hooks and Alabama Shipyard, LLC on December 19, 2019, in Calcasieu Parish, Louisiana. Doc. 16, att. 1. Mike Hooks, owner of the subject vessel, filed the instant action for Limitation of Liability in this court on July 29, 2020, alleging *inter alia*, that this action was filed within six months of receiving written notice of the claim. Doc. 1, ¶ 19. On August 4, 2020, this court issued an Amended Order enjoining the "filing or prosecution of any and all claims against Petitioner or any property of Petitioner" and ordering claims arising from Dredge "E. Stroud" encompassing the dates December 28, 2018, and terminated on January 10, 2019, filed in this matter by the end of October, 2020. Doc. 6. Claimant McCoy timely filed Affirmative Defenses, Answer and Claims herein. Doc. 14. Thereafter, Mike Hooks moved to compel the IMEs, and McCoy filed a Motion to Bifurcate. Doc. 20.

## II.
### ANALYSIS

### A. The Motion to Bifurcate does not prevent the court from compelling the IMEs.

The stated purpose of McCoy's Motion to Bifurcate is to preserve his right to a jury trial in the state-court forum of his choice, while allowing vessel owner Mike Hooks to avail itself of the liability limiting protections inherent in the instant cause of action. Doc. 20-1, p. 4. The procedural effect of granting the Motion to Bifurcate would be to "sever the issue of defendant's rights to exoneration and/or limitation of liability and to have all non-limitation issues resolved in the state court forum" of McCoy's choice. *Matter of Suard Barge Servs., Inc.*, No. CIV. A. 96-3185, 1997 WL 358128, at *1 (E.D. La. June 26, 1997).

In a trial on the merits of a limitation proceeding, the court applies a two-step analysis that divides the burden of proof between the parties, with the claimant first bearing the burden of proving that the shipowner is liable to him. *Complaint of Port Arthur Towing Co. on Behalf of M/V Miss Carolyn*, 42 F.3d 312, 317 (5th Cir. 1995). "The whole doctrine of limitations of liability presupposes that a liability exists which is to be limited. If no liability exists there is nothing to limit." *Id.* (internal quotations omitted). Medical causation is therefore an issue that the court may address in the first phase of the limitation proceeding. *See id.*

In opposing the Motion to Compel, McCoy argues that the Motion to Bifurcate makes the Motion to Compel irrelevant because the state court should be tasked with resolving all issues not related to the limitation of liability proceeding. We find McCoy's argument uncompelling because medical causation may very well form a part of this court's limitation of liability analysis and because this court is currently the only forum that has the power to order the IMEs. Having concluded that the pending Motion to Bifurcate does not preclude an order granting the Motion to Compel IMEs, we proceed to analyze the Motion to Compel as in the regular course.

**B. Good cause exists to grant the Motion to Compel.**

The court finds that Mike Hooks has articulated a reasonable basis and good cause to compel the IMEs. Rule 35(a) of the Federal Rules of Civil Procedure provides:

> (a) Order for an Examination.
>
> > (1) *In General.* The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
> >
> > (2) *Motion and Notice; Contents of the Order.* The order:
> >
> > > (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
> > >
> > > (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

In *Schlagenhauf v. Holder,* 85 S. Ct. 234 (1964), the United States Supreme Court held:

> Rule 35 [ . . . ] requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of "in controversy" and "good cause," which requirements [ . . . ] are necessarily related. [These requirements] mean [ . . . ] that the movant must produce sufficient information, by whatever means, so that the district judge can fulfill his function mandated by the Rule.

*Id.* at 243 (internal citation omitted).

Here, it is clear that McCoy's back/neck and foot/cellulitis injuries are "in controversy." McCoy's state-court petition (Doc. 16, att. 1) and claim in this matter (Doc. 14) center on those injuries, with the latter asserting that "[t]his lawsuit is necessary due to personal injuries inflicted on Claimant on or about December 2018 and January 10, 2019." *Id.* at p. 8. Mike Hooks contests the cause of these injuries and McCoy's alleged continued inability to work; thus McCoy's medical condition is in dispute and in controversy.

Having determined that McCoy's back/neck and foot/cellulitis conditions are "in controversy," defendants must also establish "good cause" for the requested examination. Where, as here, a claimant is asserting physical injury, the "good cause" requirement essentially functions as a test of reasonableness:

> "Good cause" generally requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. For example, a "plaintiff in a negligence action who asserts mental or physical injury ... places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." A "plaintiff may not avoid a Rule 35 examination simply on the grounds that other sources of information, such as medical reports and depositions of plaintiffs treating physicians, are available."

*Knuth v. Reg'l Transit Auth. of New Orleans*, No. CV 20-396, 2020 WL 6742800, at \*2 (E.D. La. Nov. 17, 2020) (internal citations omitted). Mike Hooks appears to have some limited information regarding McCoy's conditions, *i.e.*, medical records attached to the Motion to Compel (Doc. 16, att. 3), but IMEs are necessary to gain a full picture of McCoy's conditions. Mike Hooks has shown good cause to compel the independent medical exams, and Mike Hooks' Motion to Compel the exams will be granted.

## C. Reimbursement for missed appointment

Mike Hooks also asks that it be reimbursed for the cost of an examination with Dr. Bertuccini that did not go forward on August 31, 2020, in Lafayette, Louisiana. Mike Hooks references the court's inherent power to sanction and FED. R. CIV. P. 37(a)(5)(A), which requires the court to award expenses and fees incurred in making a motion to compel. The expenses from the missed visit were incurred before the Motion to Compel was filed; therefore FED. R. CIV. P. 37(a)(5)(A) is not clearly applicable here. Under Rule 37(a)(5)(A),

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an

opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A).  The award of fees and expenses under Rule 37 would be appropriate if, for example, McCoy were to fail to comply with the instant Order concerning Mike Hooks' motion to compel, but Rule 37 does not contemplate a penalty for conduct preceding the motion to compel.  Because Rule 37 does not squarely authorize expenses associated with the missed appointment, we decline to exercise the inherent authority to sanction, noting that courts are cautioned to exercise that authority with restraint and discretion.[1]  *See Chambers v. NASCO, Inc.*, 111 S. Ct. 2123, 2132 (1991).[2]    Here, the near-applicability of Rule 37 to the complained-of conduct weighs against the award of expenses; if Congress had wanted to include that conduct in the text of Rule 37, it easily could have.

For the foregoing reasons,

**IT IS HEREBY ORDERED THAT** the Motion to Compel Independent Medical Examinations (Doc. 16), filed by the Complainant/Petitioner in Limitation, Mike Hooks, LLC, is GRANTED;

---

[1] It is unclear from the briefing why McCoy missed the appointment with Dr. Bertuccini.  It appears that counsel for Mike Hooks made inquiries both before and after the appointment about McCoy's ability to attend.  Courtesy and professionalism require that those inquiries should have been answered.  We hope that the parties will act together cooperatively in the future to avoid this type of lapse.

[2] "[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power." *Chambers, supra,* at 2136.

**IT IS FURTHER ORDERED THAT** Charles McCoy shall submit to a medical examination by Dr. Bertuccini in Lafayette, Louisiana, focusing on his neck and back injuries and treatment, and the parties will confer and agree on an appropriate examination date no later than August 1, 2021;

**IT IS FURTHER ORDERED THAT** Charles McCoy shall submit to a medical examination by Dr. Barrileaux in Lake Charles, Louisiana, focusing on his cellulitis/foot condition and treatment, and the parties will confer and agree upon an appropriate examination date no later than August 1, 2021; and

**IT IS FURTHER ORDERED THAT** the request made by Mike Hooks, LLC for reimbursement of the $7,000 examination fee, forfeited as a result of Mr. McCoy's failure to attend the August 31, 2020, appointment with Dr. Bertuccini is **DENIED**.

THUS DONE AND SIGNED in Chambers this 14th day of July, 2021.


_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE