UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| *IN RE* MIKE HOOKS, LLC | : | ADMIRALTY RULE 9 (H) |
| AS OWNER AND/OR | : | NO. 2:20-cv-00959-JDC-KK |
| OWNER PRO HAC VICE OF | : | |
| THE DREDGE "E. STROUD" | : | JUDGE JAMES D. CAIN, JR. |
| PRAYING FOR EXONERATION FROM | : | |
| OR LIMITATION OF LIABILITY | : | MAGISTRATE JUDGE KAY |

MEMORANDUM ORDER
ON MOTION TO BIFURCATE

Before the court is a Motion to Bifurcate Limitation Proceedings filed by Charles McCoy. Doc. 20. The motion is opposed by Complainant/Petitioner in Limitation Mike Hooks, LLC (Doc. 24) and Alabama Shipyard, LLC (Doc. 25). The motion has been referred to the undersigned for decision in accordance with the provisions of 28 U.S.C. § 636 and our local rules of court. For the following reasons the Motion to Bifurcate Limitation Proceedings is **DENIED**.

I.
BACKGROUND

McCoy alleges that he injured himself in two separate accidents while performing duties as chief cook on the vessel "E. Stroud." (Doc. 16, att. 1, p. 2; Doc. 1, p. 2). The first accident occurred on or about December 28, 2018, when he alleges that he injured his back while catching a thrown box. *Id.* The second accident occurred on or about January 10, 2019, when the he alleges that he stepped through rusty grating at the shipyard dock while attempting to board the vessel. *Id.* McCoy alleges that the shipyard dock was owned by Alabama Shipyard LLC at all relevant times. Doc. 16, att. 1, ¶ 11.

McCoy filed a Petition for Damages against vessel owner Mike Hooks and Alabama Shipyard, LLC on December 19, 2019, in Calcasieu Parish, Louisiana, asserting claims under the Jones Act, general maritime law, and Louisiana state law and requesting a trial by jury. Doc. 16, att. 1. Alabama Shipyard denied liability and filed a cross-claim against Mike Hooks for contribution and indemnity. Mike Hooks, owner of the subject vessel, filed the instant action for Exoneration from or Limitation of Liability in this court on July 29, 2020, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims (the "Limitation Action"). Doc. 1. The Limitation Action identifies two claimants: McCoy and Alabama Shipyard. *Id.*, ¶10.

## II.
### THE LIMITATION ACTION

The Limitation of Liability Act, 46 U.S.C. §§ 30501–30512, is directed at maritime misfortunes in which the losses exceed the value of vessel and freight. The Act allows a vessel owner to seek exoneration from and/or limitation of liability for certain claims arising from the maritime operations of that vessel. Mike Hooks, as owner of the dredge "E. Stroud," (Doc. 1, ¶ 2), invokes those provisions in the instant action, seeking to limit its liability for the personal injury claims by McCoy and the indemnity or contribution claims by Alabama Shipyard. The relevant statue limits liability for damages occasioned without "privity or knowledge of the owner" to the owner's interest in the vessel and pending freight, 46 U.S.C. § 30505. As with other admiralty and maritime claims, federal courts have jurisdiction over Mike Hooks' Limitation Action. 28 U.S.C. § 1333; 46 U.S.C. § 30511. Thus, this court stayed McCoy's state-court action pending resolution of the Limitation Action, in accordance with Supplemental Admiralty and Maritime Claims Rule F, which governs the procedure for limitation actions. Doc. 6.

The general procedure for a limitation action is as follows. After the district court approves a surety representing the owner's interest in the vessel, the "court determines whether the vessel owner is liable and whether the owner may limit liability. The court then determines the validity of the claims, and, if liability is limited, distributes the limited fund among the claimants." *Lewis v. Lewis & Clark Marine, Inc.*, 121 S. Ct. 993, 1001 (2001). The adjudication of the exoneration/limitation action involves a two-part analysis:

> First, the Court must decide whether [the vessel owner's] negligence or the conditions of unseaworthiness of its vessel caused the accident. On this question, the Claimants bear the burden of proof. If the Claimants successfully establish [the vessel owner's] liability, this Court must then determine whether [ . . . ] the vessel owner, had knowledge or privity of the acts of negligence or conditions of unseaworthiness that caused the accident. The vessel owner bears the burden of proof on this "privity or knowledge" question.

*In re Miss. Limestone Corp.*, No. 4:09-CV-00036, 2010 WL 4174631, at *2 (N.D. Miss. Oct. 7, 2010) (internal citations omitted, alteration added). "Ultimately, if limitation is denied, the court may proceed to judgment on the claims involved." 2 Thomas J. Schoenbaum, Admiralty & Mar. Law § 15:6 (6th ed. 2020). "If the vessel owner is found liable, but limitation is granted, the admiralty court distributes the limitation fund among the damage claimants in an equitable proceeding known as concursus." *Id.* (internal citations omitted).

Mike Hooks' right to limit its liability is in some inherent tension with McCoy's right to pursue a remedy for the alleged damages via jury trial in the forum of his choice. *See Lewis*, 121 S. Ct. at 1001. Although federal courts have jurisdiction over admiralty and maritime claims, the law also reserves to claimants such as McCoy "in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333; *Lewis*, 121 S. Ct. at 998. "Thus, the saving to suitors clause preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims." *Lewis*, 121 S. Ct. at 999. "The Saving Clause does not grant jurisdiction, but

rather makes an exception to the exclusive maritime jurisdiction of the federal courts in cases where the plaintiff may be entitled to remedies other than that provided in admiralty law." *In re Athena Const., LLC,* No. CIV A 06-2004, 2007 WL 1668753, at *3 (W.D. La. June 6, 2007). While the saving to suitors clause indicates a preference for jury trials and common law remedies where such are available, the Limitation Act evidences an intent to promote maritime commerce such that the court's "primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." *In re Athena Const., LLC*, No. 06-2004, 2007 WL 1668753, at *4 (W.D. La. June 6, 2007) (quoting *Magnolia Marine Transp. Co. v. LaPlace Towing Corp.,* 964 F.2d 1571, 1575 (5th Cir.1992); *Odeco Oil & Gas Co., Drilling Div. v. Bonnette,* 74 F.3d 671, 674 (5th Cir.1996)).

The district court has discretion to dissolve a litigation stay and let the state court action to proceed if it is clear that the vessel owner's rights to limitation are protected.[1] The Supreme Court and the Courts of Appeal have identified certain circumstances in which a state court action should be allowed to proceed, notwithstanding the limitation action.[2] Most relevant here, when there are binding stipulations relinquishing any right to damages in excess of the combined value of vessel and freight, a claimant's state court action should proceed. *Lewis*, 121 S. Ct. at 1002; *In re Devall*

---

[1] The Supreme Court has explained that:

> The district courts have jurisdiction over actions arising under the Limitation Act, and they have discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court. If the district court concludes that the vessel owner's right to limitation will not be adequately protected—where for example a group of claimants cannot agree on appropriate stipulations or there is uncertainty concerning the adequacy of the fund or the number of claims—the court may proceed to adjudicate the merits, deciding the issues of liability and limitation.

*Lewis*, 121 S. Ct. at 1004.

[2] Under Fifth Circuit precedent, "claims may proceed outside the limitation action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court." *Odeco Oil & Gas Co. v. Bonnette*, 4 F.3d 401, 404 (5th Cir.1993); *see also Lewis*, 121 S. Ct. at 1002-03.

*Towing & Boat Service of Hackberry LLC*, No. 6:18-cv-00752, 2018 WL 5316937 at *3 (W.D. La. Oct. 26, 2018). Thus, "the scope of exclusive federal jurisdiction is proportional to the federal interest in protecting the vessel owner's right to seek limitation of liability." *Lewis*, 121 S. Ct. at 1003.

Here there are no such stipulations by either McCoy or Alabama Shipyard and other justifications for lifting the litigation stay do not apply. Accordingly, it is not certain that Mike Hooks' "absolute right" to claim the Liability Act's liability cap would be protected outside this forum. Therefore, it is not appropriate to dissolve the stay at this time, *see In re Crescent Energy Servs.*, LLC, 2015 U.S. Dist. LEXIS 159370, at *11 (E.D. La. Nov. 25, 2015).

Although the court could not dissolve the litigation stay at this time, McCoy now argues that the court should bifurcate the litigation such that the limitation action. The procedural effect of granting the Motion to Bifurcate would be to "sever the issue of defendant's rights to exoneration and/or limitation of liability and to have all non-limitation issues resolved in the state court forum" of McCoy's choice. *Matter of Suard Barge Servs., Inc.*, No. CIV. A. 96-3185, 1997 WL 358128, at *1 (E.D. La. June 26, 1997).

The current posture of the case gives this admiralty court "considerable discretion" regarding how to try both the limitation and non-limitation issues. *In re Athena Const.*, LLC, No. 06-2004, 2007 WL 1668753, at *5 (W.D. La. June 6, 2007). Federal district courts in the Fifth Circuit have exercised their discretion to bifurcate limitation actions as a means of easing the tension between the saving to suitors clause and the Limitation Act. *See, e.g., In re Miss. Limestone Corp.*, No. 4:09-CV-00036, 2010 WL 4174631, at *4 (N.D. Miss. Oct. 7, 2010) (holding that case should be bifurcated to allow federal court to decide limitation action—not to include Petitioner's crossclaims for indemnification/contribution against third party—after which

point the claimant could elect to keep case in federal court or have court dissolve stay); *Matter of Suard Barge Servs., Inc.*, No. CIV. A. 96-3185, 1997 WL 358128, at *3 (E.D. La. June 26, 1997) (bifurcating case such that the "stay will remain in effect until such time as the issues of exoneration and/or limitation are' tried and decided" without trial of contribution and/or indemnification). However, "in the interest of judicial economy, some admiralty courts keep the suit, even after limitation is denied, and the court is acting within its discretion to do so." *In re Athena Const., LLC*, No. 06-2004, 2007 WL 1668753, at *5 (W.D. La. June 6, 2007).

### III.
#### THE PARTIES' ARGUMENTS

The stated purpose of McCoy's Motion to Bifurcate is to preserve his right to a jury trial in the state-court forum of his choice, while allowing vessel owner Mike Hooks to avail itself of the liability limiting protections inherent in the instant cause of action. Doc. 20, att. 1, p. 3-4. Citing to *In re Mississippi Limestone Corp.*, 2010 WL 4174631 at *3, McCoy argues that this is the preferred approach in the Fifth Circuit. Doc. 20, att. 1, p. 2. McCoy's arguments tend toward the general and do not address why bifurcation should be the preferred approach in *this* matter.

Mike Hooks raises two main objections to bifurcation: that it would not be an expedient means of resolving this litigation, and that this case does not resemble those in which the Fifth Circuit has prioritized the claimant's choice of forum (e.g., where plaintiff makes binding stipulations to protect the vessel owner's rights to limitation of liability). Doc. 24. Alabama Shipyard raises similar objections, also noting that that Alabama Shipyard has not agreed to any stipulation that would allow the stay to be lifted at this time. Doc. 25, p. 3.

## IV.
### ANALYSIS

Under Federal Rule of Civil Procedure 42, bifurcation is available "[f]or convenience, to avoid prejudice, or to expedite and economize." Mike Hooks argues that McCoy offers no argument in support of judicial economy or expedience, and Mike Hook suggests that there is a likelihood of duplicative content in state court trial following the federal limitation proceeding.

While it is true, as Mike Hook argues, that McCoy offers no evidence tending to show that considerations of convenience and judicial economy weigh in favor of bifurcation, it is also true that the basic concern underlying McCoy's motion to bifurcate is one of prejudice to his rights to those common law remedies reserved to him under the saving to suitors clause, including his right to try his claims to a jury. The avoidance of such prejudice does weigh in favor of bifurcation under Rule 42(b).

Both Mike Hooks and Alabama Shipyard argue that movant McCoy has not stipulated that the amount of damages he seeks are within the value of the vessel and freight deposited with the court. Thus, they argue, bifurcation is not appropriate, or at least not necessary. Although the court nonetheless retains the discretion to bifurcate the litigation even in the absence of such stipulation, the court finds the arguments of Mike Hooks and Alabama Shipyard persuasive. At present, there are no stipulations in place that would protect Mike Hooks' right to limitation, and Alabama Shipyard implies that it might not enter into such a stipulation if this court were to bifurcate the trial. Doc. 25, p. 3. There is therefore no certainty that Mike Hooks' right to limitation would be protected if the matter were bifurcated. Further, because McCoy raises no compelling arguments in favor of bifurcation particular to this matter, the court sees no reason to bifurcate the proceedings at this time. For the foregoing reasons, the Motion to Bifurcate is DENIED.

-8-

THUS DONE AND SIGNED in Chambers this 24th day of August, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE